UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IONA WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:25-cv-00199-RLY-CSW |
| | ) |
| JOHN PHELAN Secretary of the Navy | ) |
| (Official Capacity), | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Now before the Court is Plaintiff's *Motion For Appointment Of Counsel* (Dkt. 17).  For the reasons stated below, Plaintiff's Motion is **DENIED**.

There is no right to counsel for civil case litigants in federal court.  *Walker v. Price*, 900 F.3d 993, 938 (7th Cir. 2018); 28 U.S.C. § 1915(e)(1).  Nonetheless, parties may still seek help with their case by requesting the Court to recruit counsel.  *See* Local Rule 87(a).  When the Court receives such a request from an indigent plaintiff, it must determine whether the plaintiff has made a reasonable attempt to obtain counsel on her own and whether, given the difficulty of the case, the plaintiff is competent to litigate it herself.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc) (emphasis added).  "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"  *Walker*, 900 F.3d at 938, quoting *Pruitt*, 503 F.3d at 654.

Plaintiff paid the $405.00 filing fee for her action on September 17, 2025.  (Dkt. 5).  Plaintiff has not filed a Motion to Proceed in Forma Pauperis ("IFP").  Additionally, Plaintiff's *Motion* states that "[a]lthough Plaintiff is employed, Plaintiff cannot reasonably retain private counsel for this matter due to the

complexity of the claims and the anticipated scope and cost of federal litigation." Plaintiff's payment of the filing fee and statement regarding her employment status suggests that she is not an indigent plaintiff who would qualify for recruited counsel. Moreover, while Plaintiff's *Motion* states that she has contacted attorneys regarding representation in this matter, Plaintiff does not otherwise demonstrate that she has exhausted reasonable attempts to hire counsel. Additionally, Plaintiff has not shown an inability to litigate the matter *pro se*.

      Therefore, Plaintiff's *Motion for Appointment of Counsel* is **DENIED**.

      **SO ORDERED.**

Date: February 24, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

IONA WEST
P.O. Box 6801
Bloomington, IN 47407
PRO SE

Adriana Figueroa
DOJ-USAO
adriana.figueroa@usdoj.gov